Mr. Justice Clayton
delivered the opinion of the court.
One of the points in this cause is settled by Goodwin v. Anderson, 5 S. & M. 730. The principal point now in controversy, grows out of a question, as to the competency of a witness. One McGee sold a house and lot in Ponola, to Ward, and assigned him a title bond which he held for it, without any covenant on his part. Ellis purchased the lot, under an execution in his own favor, at sheriff’s sale. In a contest between him and Ward, the deposition of McGee was taken, by Ellis, to prove that the sale made by him to Ward was without consideration, and in fraud of his creditors.
It is urged,' in argument, that McGee is competent as a witness, because he has made no warranty of title, and is not legally liable upon the assignment. This view is, to our minds, conclusive that he is not competent. It is his interest to pay the debt to Ellis, with the lot, and if he be not responsible to Ward, that interest is not countervailed by any opposing interest. There is no equipoise. This conclusion is fully sustained by several adjudged cases. Pratt v. Stevens, 16 Pick. 326; Rea v. Smith, 19 Wend. 293; Waller v. Mills, 3 Dev. 517. We do not understand the cases cited by the counsel for the plaintiff in error, to lay down a different rule; if they do, they constitute a departure from principle.
This was the view adopted by the court below. But we think the decree in other respects is erroneous. Ellis made the last payment for the lot, which, by his contract with McGee, Ward was to have paid; for this amount he ought to have a lien upon the lot. The improvements which Ellis placed upon *662 the lot ought also to be allowed as a credit to him, to be applied to the extinction of the rent, so far as they go.
The decree will be reversed, and the cause remanded, with directions for the taking of a new account, upon the principles herein indicated. The decree, however, upon the main point, is not disturbed, the complainant being entitled to relief.
Decree reversed.